RAWLS, Judge
(dissenting).
The final decree of divorce entered on March 18, 1966, recited, inter alia:
“ . . . The Court finds that neither party is wholly to blame or wholly blameless that the marriage has ruptured and may not be continued without intolerable burdens. To make a specific choice of comparative rectitude of the parties in this decree would create a new wound when there are already too many of them, and would serve no purpose other than to accede to a usual course of formal expression of the findings and judgments embodied herein, which would be useful only in an appellate review of this cause. Accordingly, the Court will refrain from making a specific finding in favor of or against either party as to whom the divorce shall be granted, unless within five days of this decree either party shall make a motion for such finding in which event a finding shall be specified; and jurisdiction is retained for such purpose. The marriage of the plaintiff and defendant be and the same is hereby dissolved and they are henceforth divorced.
“2. (a) Each of the parties is found to be a fit and proper person to have the custody, care, and guidance of the minor children of the parties and each is awarded such custody, subject to visitation allotments herein set forth
In the numerous post decretal proceedings the trial judge has not found appellant to be an unfit person to have custody of the minor children, but to the contrary has awarded custody of the boys to him.
It is my view that the trial judge abused his discretion in building a wall between this father and his two daughters. The sole evidence touching upon any detrimental effect of visitation by the father with his two girls is that one of them has suffered stomach cramps as a result of a meeting with the father. As an aside, I note that such cramps are not due to malnutrition, since the father has been ordered to pay $450.00 per month child support[1] for these two children he has been enjoined from contacting.
I would reverse with directions that this father be granted visitation rights with his daughters at least from 2:00 p. m. until 8:00 p. m. every Sunday, without interference of any kind from appellee, and that he be permitted to contact his two girls at their school and temple.

. By its majority opinion, this Court, in addition to the child support provision, notes:
“We recognize that if the home is disposed of by partition of the parties, either voluntarily or through judicial proceedings, it will be necessary for appellant to provide a home for the minor daughters so long as he remains responsible for their support and maintenance.”